1  Jamie Y. Lee, Bar No. 228389
2  jylee@littler.com
   LITTLER MENDELSON P.C.
3  18565 Jamboree Road
4  Suite 800
   Irvine, California  92612
5  Telephone:   949.705.3000
6  Fax No.:      949.724.1201

7  Attorneys for Defendant
   MANPOWER US INC.
8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION
12

13 | EARNELL WORTHY, an individual, | Case No.   2:21-CV-6611 |
   |---|---|
14 | Plaintiff, | **DEFENDANT MANPOWER US** |
15 | v. | **INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL** |
16 | | **COURT ON THE BASIS OF** |
   | MANPOWER US INC., a Delaware | **DIVERSITY JURISDICTION** |
17 | Corporation, KYLE (LAST NAME | **[28 U.S.C. §§ 1332, 1441, 1446]** |
18 | UNKNOWN), an individual, and DOES 1 through 100, inclusive, | |
19 | | |
   | Defendants. | . |
20 | | |
21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant, MANPOWER US INC. ("Defendant" or "Manpower"), hereby removes the above-captioned action from San Bernardino County Superior Court in the State of California to the United States District Court, for the Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

## I.     STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action under the diversity of citizenship statute.  28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.     PLEADINGS, PROCESS, AND ORDERS

2.     On June 22, 2021, Plaintiff  Earnell Worthy ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") against Defendant "MANPOWERGROUP INC., a Delaware corporation; KYLE (LAST NAME UNKNOWN) an individual., and DOES 1-100, inclusive," in San Bernardino County Superior Court: *Earnell Worthy, an individual v. Manpower US Inc., a Delaware corporation; and Does 1-100, inclusive,* Case No. SBCIV2118578 (the "State Court Action").  The Complaint asserts the following causes of action: (1) Race Discrimination in violation of the Fair Housing and Employment Act ("FEHA"); (2) Harassment in violation of FEHA; (3) Retaliation in violation of FEHA; (4) Failure to Prevent Discrimination in violation of FEHA; and (5) Wrongful Termination in violation of public policy.

3.     On July 19, 2021, Plaintiff served Defendant with the Summons, Complaint, Civil Case Cover Sheet, Certificate of Assignment, and Notice of Trial

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

Setting Conference and Notice of Case Assignment. (Declaration of Jamie Y. Lee ("Lee Decl.") ¶ 2 & Ex. A.)

4.     On August 16, 2021, Defendant filed an Answer to the Complaint in the State Court Action.  (Lee Decl. ¶ 3 & Ex. B.)

5.     Pursuant to 28 U.S.C. § 1446(d), Exhibits A and B constitute all process, pleadings, and orders filed in the State Court Action.  (Lee Decl. ¶ 4.)  Other than the court proceedings and documents discussed above and attached as Exhibits A and B hereto, I am not aware of any further proceedings or filings regarding this case in San Bernardino County Superior Court. (Lee Decl. ¶ 5.)

6.     To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action.  (*Id.*)

7.     As of the date of this Notice of Removal, no other parties have been named or served with the Summons and Complaint in this action to Defendant's knowledge. (Lee Decl. ¶ 6.)

## III.     TIMELINESS OF REMOVAL

8.     This Notice of Removal is timely filed as it is filed within thirty (30) days of July 19, 2021, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action.  *See* 28 U.S.C. § 1446(b).

## IV.     DIVERSITY JURISDICTION

9.     This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

## V.     DIVERSITY OF CITIZENSHIP

10.     Plaintiff is a Citizen of California.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3

DEFENDANT MANPOWER US INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

1  resides with the intention to remain, or to which he or she intends to return. *Kanter v.*
2  *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

3         11.    Plaintiff is a resident and citizen of the State of California. (Compl. ¶1.);
4  *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a
5  rebuttable presumption of domicile supporting diversity of citizenship); *Smith v.*
6  *Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar.
7  18, 2008) (place of residence provides "*prima facie*" case of domicile). Thus, Plaintiff
8  is a citizen of California for diversity jurisdiction purposes.

9         12.    <u>Defendant Manpower US Inc. is NOT a Citizen of California.</u>  Defendant
10  Manpower US Inc. is a corporation, incorporated under the laws of Delaware.
11  (Declaration of Dawn Spartz ("Spartz Decl.") ¶ 3.) It is well settled that a corporation
12  "shall be deemed a citizen of any State by which it has been incorporated and of the
13  State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14         13.    With regard to the corporate citizenship analysis, the United States
15  Supreme Court has made clear that a single, uniform test – the "nerve center" test –
16  shall be applied in determining a corporation's "principal place of business." *See Hertz*
17  *Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Although courts previously employed one
18  of a number of tests to determine a corporation's "principal place of business," the
19  United States Supreme Court clarified this uncertainty and announced a single, uniform
20  test to be applied in making such a determination. *Id.* In this regard, the Court held that
21  the "nerve center" test should be used to determine a corporation's "principal place of
22  business." *Id.* To this end, the Court reasoned that a corporation's "nerve center" is
23  normally located where the corporation maintains its corporate headquarters and where
24  the "corporation's officers direct, control, and coordinate the corporation's activities."
25  *Id.* In other words, a corporation's "principal place of business" can be found where
26  the corporation's "brain" is located. *Id.* at 95.

27         14.    Applying the above analysis, the principal place of business, or "nerve
28  center" of Defendant Manpower US Inc. is located in Milwaukee, Wisconsin.

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4

DEFENDANT MANPOWER US INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant has at all times had its principal place of business and headquarters in either Milwaukee, Wisconsin or Glendale, Wisconsin. (Spartz Decl. ¶ 3.) Defendant makes and implements company-wide operating, financial, investment, employee relations, marketing, accounting, income tax, treasury, and legal policy decisions from its Wisconsin headquarters. (*Id.*) Accordingly, Defendant Manpower US Inc. is not a citizen of California, but rather is a citizen of the State of Wisconsin for purposes of determining diversity of citizenship.

15.     The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

16.     Therefore, since Defendant is <u>not</u> a citizen of the forum State, *i.e.*, California, complete diversity exists for purposes of 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

## VI.     AMOUNT IN CONTROVERSY

17.     Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553. Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

5

DEFENDANT MANPOWER US INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

1  complaint that the jurisdictional amount is in controversy." (internal citations and
2  quotations omitted)).

3       18.    Plaintiff seeks lost income and contends that he has sustained "loss of
4  earnings" (Compl., ¶¶ 24, 32, 48 and Prayer for Relief, ¶ 1.) Plaintiff further seeks
5  damages from the "loss of past and future earnings … and from loss of all other rights
6  and benefits which naturally exist with fair employment, but which were denied to him
7  by said Defendants . . ." ("Compl. ¶ 40.)

8       19.    Plaintiff's employment with Defendant began in or about July 7, 2020.
9  (Spartz Decl. ¶5.)  Plaintiff alleges that the last day of work for Manpower was on or
10  about February 24, 2020. (Compl. ¶ 17.)  During Plaintiff's employment period with
11  Defendant, he regularly worked an average of approximately 35 hours per week,
12  excluding overtime and had a regular hourly wage between $17.00 to 20.50 with an
13  average of $18.75 per hour.  (Spartz Decl. ¶5.)  Conservatively estimating that this case
14  will go to trial in June 2022, or one year from the date Plaintiff filed his Complaint,
15  back pay would be calculated at **$79,406.25** ($656.25/week x 121 weeks).

16       20.    Plaintiff is also seeking damages for front pay in that he contends that he
17  sustained damages from "loss of past and future earnings." (Compl., ¶ 40.)  Such awards
18  in California often span several years.  *See Smith v. Brown-Forman Distillers Corp*.,
19  196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached);
20  *Rabago-Alvarez v. Dart Indus*., 55 Cal. App. 3d 91, 97-100 (1976) (four years);
21  *Drzewiecki v. H & R Block, Inc*., 24 Cal. App. 3d 695, 705 (1972) (ten years).  Even
22  conservatively estimating that Plaintiff seeks front pay damages for only two years, and
23  would not have received a pay increase, the amount of future wages in controversy in
24  this case would total at least an additional **$68,250** ($656.25/week x 104 weeks).  Thus,
25  it may reasonably be estimated that Plaintiff's claims involve possible back pay and
26  front pay damages which alone total in excess of **$147,656.25**.

27       21.    Plaintiff is also seeking general, special and compensatory damages
28  "according to proof."  (Compl., ¶¶ 25, 34, 41, Prayer for Relief, ¶¶ 2,3.)  These claims

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

6

DEFENDANT MANPOWER US INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

further augment his claim for past and future lost wages. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial and could factor into amount-in-controversy threshold); *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (acknowledging that while plaintiff was only employed by the defendant for four months, "emotional distress damages in a successful employment discrimination case may be substantial" and "may be considered when calculating the amount in controversy even where not clearly pled in the complaint"). In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Using the *Kroske* "formula" as a baseline, the emotional distress component of Plaintiff's claims could add at least **$25,000** to the amount in controversy, if not more.

22.    Plaintiff also seeks punitive damages in connection with his allegations. (Compl., ¶¶ 27, 36, 56 and 57.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefits Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *Simmons,* 209 F. Supp. 2d at 1033 (jury verdicts in other "cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally,

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

7

DEFENDANT MANPOWER US INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

employment discrimination cases have the potential for large punitive damages awards. *Simmons,* 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

23. Finally, Plaintiff seeks attorneys' fees in connection with his claims. (Compl., ¶¶ 26, 35, 43 and Prayer for Relief ¶ 6.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be include in the amount in controversy"); *Brady,* 243 F. Supp. 2d at 1010-11 (in deciding amount in controversy issue, court may estimate amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Even just considering Plaintiff's FEHA claims, the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. GOV'T CODE §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons,* 209 F. Supp. 2d at 1034.

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

8

DEFENDANT MANPOWER US INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

24.     Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Simmons,* 209 F. Supp. 2d at 1033.  Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc*., 222 F.3d 607, 609-14 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award).  Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1479 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less).  Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

25.     Plaintiff also seeks such open-ended relief "[f]or such other relief a[s] the Court may deem just and proper." (Compl., Prayer for Relief ¶ 7.)  Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she plead in the complaint that she did not assert claim in excess of $75,000.)

26.     In sum, although Defendant does not concede Plaintiff's claims have any merit, based on the above information, it is certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in the State Court Action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

LITTLER MENDELSON P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

9

DEFENDANT MANPOWER US INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

## VII.   VENUE

30.     Venue lies in the Central District of California pursuant to 28 U.S.C. sections 84(c), 1441(a), and 1446(a).  Plaintiff originally brought the State Court Action in the Superior Court of the State of California, County of San Bernardino.  Pursuant to 28 U.S.C. § 84(c)(3), the appropriate assignment of the State Court Action is to the Eastern Division of this Court.

## VIII.  NOTICE OF REMOVAL

31.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to : Plaintiff's counsel of record, Roman Otkupman, Otkupman Law Firm, 5743 Corsa Avenue, Westlake Village, California, 91362. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California.

Dated: August 16, 2021

LITTLER MENDELSON P.C.

*/s/ Jamie Y. Lee*
Jamie Y. Lee

Attorneys for Defendant
MANPOWER US INC.

4846-8621-7716.1 / 096215-1071

DEFENDANT MANPOWER US INC.'S NOTICE OF REMOVAL TO FEDERAL COURT