# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
07/19/2021
CT Log Number 539928085

TO: Dawn Spartz
Manpower Inc.
100 W Manpower Pl
Milwaukee, WI 53212-4030

RE: **Process Served in California**

FOR: MANPOWER US INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EARNELL WORTHY, etc., Pltf. vs. MANPOWER US INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CIVSB2110578 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/19/2021 at 14:04 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/20/2021, Expected Purge Date: 07/25/2021 |
| | Image SOP |
| | Email Notification,  Roxana Cook  roxana.cook@manpowergroup.com |
| | Email Notification,  Dawn Spartz  dawn.spartz@manpowergroup.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Jul 19, 2021

**Server Name:**              Bernard Richards


Entity Served                   MANPOWER US INC.

Case Number                   CIVSB2118578

Jurisdiction                       CA



**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>MANPOWER US INC., a Delaware Corporation,<br>**Additional Parties Attached**<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>EARNELL WORTHY, an individual, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUL 07 2021<br><br>BY _____<br>NATHANIEL JOHNSON, DEPUTY |

**BY FAX**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Justice Center<br>247 W 3rd St<br>San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):*<br>CIVSB 2118570 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman: 5743 Corsa Ave, Suite 123, Westlake Village, CA 91362; (818)293-5623

| DATE:<br>*(Fecha)* JUL 07 2021 | Clerk, by<br>*(Secretario)* Nathaniel Johnson | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**COPY**

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Manpower US Inc., a Delaware Corporation

   under: [X] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Earnell Worthy v. Manpower US, Inc., et al. | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

KYLE (LAST NAME UNKNOWN), an individual, and DOES 1 through 100, inclusive.

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

COPY

**BY FAX**

1 | Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
2 | OTKUPMAN LAW FIRM, A LAW CORPORATION
5743 Corsa Ave, Suite 123
3 | Westlake Village, CA 91301
Telephone: (818) 293-5623
4 | Facsimile: (888) 850-1310

5 | Attorney for Plaintiff,
Earnell Worthy

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 2 2 2021

BY _____
NATHANEL JOHNSON, DEPUTY

6

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

7

## COUNTY OF SAN BERNARDINO

8 | EARNELL WORTHY, an individual,

9 |      Plaintiff,

10 |     vs.

11 | MANPOWER US INC., a Delaware
Corporation, KYLE (LAST NAME
12 | UNKNOWN), an individual, and DOES 1
through 100, inclusive.
13

14 |     Defendants.

CASE NO.    **CIV SB 2 1 1 8 5 7 8**

**PLAINTIFF'S COMPLAINT FOR DAMAGES:**

1. **DISCRIMINATION ON THE BASIS OF RACE/COLOR AND NATIONAL ORIGIN IN VIOLATION OF THE FEHA**

2. **HARASSMENT ON THE BASIS OF RACE/COLOR AND NATIONAL ORIGIN IN VIOLATION OF THE FEHA**

3. **RETALIATION IN VIOLATION OF THE FEHA**

4. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF THE FEHA**

5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND FOR JURY TRIAL**

///
///
///
///

Plaintiff, EARNELL WORTHY, complains and alleges as follows:

## GENERAL ALLEGATIONS

(Against Defendant and all DOE Defendants)

1.      At all times herein mentioned, Plaintiff Earnell Worthy, is and was a resident of City of Perris, State of California.

2.      At all times herein mentioned, Defendant Manpower US Inc., and Does 1-100 (hereinafter also referred to as "Defendants"), is and was licensed to do business within the City of Ontario, County of San Bernardino. Defendant employed the Plaintiff at 2095 S. Archibald Ave, Suite 100, Ontario CA 91761. Plaintiff is informed and believes that said Defendant employed more than 5 employees within a 50-mile radius of the location where Plaintiff was employed.

3.      The Individual Defendant, Kyle (last name unknown) is an employee of Defendant Manpower US Inc. and was, at all relevant times, the co-worker of Plaintiff.

4.      The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

5.      Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

6.      Plaintiff began working for Defendant on or about July 7, 2020, as a Forklift Operator. While working for Defendant, Plaintiff was earning approximately $15.00 per hour. Plaintiff's primary job responsibilities included loading and unloading materials, and moving pallet packed materials around the site.

7.      Throughout his employment with Defendant, Plaintiff was a diligent worker.

8.      While working for Defendant, Plaintiff was subjected to a pattern and practice

of harassment and discrimination by his co-worker, Kyle (last name unknown) on account of Plaintiff's race/color. Plaintiff is African American. The harassment and discrimination started on or about February 22, 2021 and continued up until Plaintiff's wrongful termination.

9.    Defendant Kyle (last name unknown) would harass and discriminate against Plaintiff by calling him "Nigger", "Nigger, you think you're better than me?" on a regular basis.

10.    The above-identified individual would harass Plaintiff and create a hostile work environment on a regular basis, often using derogatory and offensive language.

11.    On or about February 22, 2021, While Plaintiff was wrapping a pallet Defendant Kyle (last name unknown) approached him from behind and told him, "You think you're better than me nigger?" Plaintiff ignored him and walked away.

12.    Defendant Kyle (last name unknown) found ways to invade Plaintiff's personal space and stood right in front of Plaintiff while he was operating the forklift. Defendant Kyle (last name unknown) again told Plaintiff, "You still think you're better than me nigger?" Plaintiff complained directly to Defendant Kyle (last name unknown) about his comments and asked him to stop, as it made him feel uncomfortable, yet Defendant Kyle (last name unknown) would not stop.

13.    Plaintiff verbally complained to his supervisor, Windom (last name unknown) about Defendant Kyle's behavior, but nothing was done to remedy the situation and the harassment and discrimination against Plaintiff continued.

14.    On or about February 23, 2021, Plaintiff was approached by Defendant Kyle (last name unknown) from behind and was holding a sharp box cutter blade. Defendant Kyle (last name unknown) told Plaintiff, "What? You think I am playing? I will slice your bitch ass up."

15.    Plaintiff made it clear to Defendant Kyle (last name unknown) that he just wanted to work in peace and that his inappropriate comments and misconduct were unwanted.

16.    Plaintiff tried to resist and discourage his misconduct. In fact, Plaintiff repeatedly told Defendant Kyle things such as, "I am going to talk to the supervisor." In response, Defendant Kyle (last name unknown) told Plaintiff, "I am going to handle this myself." Plaintiff feared what he would do. Defendant Kyle continued threatening Plaintiff and began getting closer to him.

17.     On or about February 24, 2021 Defendants wrongfully terminated Plaintiff's employment for pretextual reasons.

18.     The foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of said Defendant acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff. On or about April 23, 2021, Plaintiff exhausted his administrative remedies by obtaining a Right to Sue notice from the Department of Fair Employment and Housing. Said notice is attached hereto as **Exhibit "A"**.

**VENUE AND JURISDICTION**

19.     Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION ON THE BASIS OF RACE/COLOR AND NATIONAL ORIGIN IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

(California Government Code § 12940(j) et seq.)

(Against Defendant and all DOE Defendants)

20.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

21.     Defendants, and each of them, discriminated against Plaintiff by treating him differently, denigrating him, humiliating him because of race/color and national origin. Defendants actions were in violation of the FEHA, California Government Code §12940(j).

22.     Government Code §12940(j) provides that it is unlawful for an employer or other entity covered by this part to harass an employee on the basis of race/color, national origin, and/or ancestry.

23.     At all times Plaintiff was an employee within the meaning of California Government Code §12926 and at all times during his employment he performed in a competent, satisfactory manner.

24.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek

OTKUPMAN LAW
FIRM, ALC
ATTORNEYS AT LAW

leave of court to amend his complaint at such time as these damages are fully ascertained.

25.     As a further direct and proximate result of Defendants' discriminatory conduct and actions against him in violation of Government Code § 12900 et. seq. as heretofore described, Plaintiff has been damaged and deprived of the security, solace and peace of mind for which he entered the employment relationship with Defendants, and each of them, thereby causing him to suffer emotional and mental distress, anguish, embarrassment and humiliation, all to his general damages in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

26.     Plaintiff further requests attorney fees be awarded to him pursuant to California Government Code §12965.

27.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendants, through their officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### HARASSMENT ON THE BASIS OF RACE/COLOR AND NATIONAL ORIGIN IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

(California Government Code § 12940(j) et seq.)

(Against Defendant and all DOE Defendants)

28.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

29.     Defendants, and each of them, discriminated against Plaintiff by treating him differently, denigrating him, humiliating him because of race/color and national origin. Defendants actions were in violation of the FEHA, California Government Code §12940(j).

30.     Government Code §12940(j) provides that it is unlawful for an employer or other entity covered by this part to harass an employee on the basis of race/color, national origin, and/or ancestry.

31.     At all times Plaintiff was an employee within the meaning of Cal. Govt. Code

§12926 and at all times during his employment he performed in a competent, satisfactory manner.

32.     As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination and harassment against him, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend his complaint at such time as these damages are fully ascertained.

33.     Defendants had actual and constructive knowledge of the conduct described in Paragraphs above. Defendants failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate harassment from the workplace and to prevent it from occurring in the future.

34.     As a further direct and proximate result of Defendants' harassment and conduct and actions against him in violation of Government Code § 12900, et. seq. as heretofore described, Plaintiff has been damaged and deprived of the security, solace and peace of mind for which he entered the employment relationship with Defendants, and each of them, thereby causing him to suffer emotional and mental distress, anguish, embarrassment and humiliation, all to his general damages in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

35.     Plaintiff further requests attorney fees be awarded to him pursuant to California Government Code §12965.

36.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages in a sum to be determined at the time of trial.

///

///

///

OTKUPMAN LAW
FIRM, ALC

TTORNEYS AT LAW

**THIRD CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE**

**FAIR EMPLOYMENT AND HOUSING ACT**

(California Government Code § 12940 et seq.)

(Against Defendant and all DOE Defendants)

37.     Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

38.     Plaintiff complained directly to his supervisor, Windom (last name unknown) throughout his employment about this unlawful behavior.

39.     Plaintiff's protected complaints were a motivating reason for Defendants' retaliatory conduct.

40.     Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm. As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of his employment, from loss of past and future earnings and other employment benefits, from loss of all other rights and benefits which naturally exist with fair employment, but which were denied to him by said Defendants, all in an amount to be proven at the time of trial.

41.     As a further proximate result of wrongful conduct by Defendants and the resulting damages to Plaintiff, Plaintiff sustained emotional distress, all to his damage in an amount to be proven at the time of trial.

42.     As a proximate result of retaliation alleged, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

43.     Plaintiff requests an award of attorney's fees and costs of suit.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

(California Government Code § 12940 et seq.)

(Against all Defendants and all DOE Defendants)

44.     Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

45.     Plaintiff was subjected to harassing conduct and discrimination because of his

race/color and national origin.  Defendants failed to take reasonable steps to prevent the harassment, discrimination, and retaliation Plaintiff suffered while working at Defendants.

46.     Plaintiff was and continues to be harmed.

47.     Defendants' failure to take reasonable steps to prevent the discrimination, harassment, and retaliation was a substantial factor in causing Plaintiff's harm.

48.     As a proximate result of the failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained losses in earnings.

49.     As a proximate result of the failure to prevent discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental and physical pain and anguish, pain and suffering, loss of sleep, loss of appetite, migraines, panic attacks, anxiety, depression and shame.

50.     As a proximate result of the failure to prevent discrimination, harassment, and retaliation, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(Against all Defendants and all DOE Defendants)

51.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

52.     Plaintiff is informed, believes, and based thereon, alleges that said Defendant named in this cause of action, and all DOE Defendants, and each of them, terminated Plaintiff's employment in violation of the Fair Employment & Housing Act, (FEHA), and public policy by terminating Plaintiff on the basis of Plaintiff's race/color and national origin. The conduct described in the above sentence violates the following statutes that affect society at large:

      a.     under the FEHA, California Government Code §12940, which prohibits employers from terminating and discriminating against their employees in terms, conditions, and privileges of employment because of their race/color and national origin;

      b.     all other state statutes, regulations, administrative orders, and ordinances which affect society at large, and which discovery will reveal were violated by said Defendants by retaliating and discriminating against Plaintiff.

53.     Plaintiff alleges that the Defendant, named in this cause of action, violated articulated public policies, affecting society at large, by violating the statutes and the California Constitution, when said Defendant, terminated Plaintiff's employment in violation of public policy as such:

    a.     by acting unlawfully in a manner that affects the California workplace by creating an unstable and unethical workplace by discriminating against and retaliating against Plaintiff and terminating Plaintiff's employment on the basis of his race/color and national origin under California <u>Government Code</u> 12940, et seq.

54.     Plaintiff was wrongfully terminated.  Plaintiff's wrongful termination was substantially motivated by his race/color and national origin, and his complaints concerning race/color and national origin harassment.

55.     Plaintiff has suffered and continues to suffer harm due to the wrongful termination and unlawful conduct.

56.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant named in this cause of action, described above, was done with oppression and malice by the Plaintiff's supervisors and managers and were ratified by those other individuals who were managing agents of said Defendant. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant, for their acts as described in this cause of action in a sum to be determined at the time of trial.

57.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified by said Defendant's directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and conscious disregard of the probability of causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive damages against Defendant in order to deter them from such and similar conduct in the future.

58.     As a proximate result of wrongful termination in the public policy, Plaintiff has been generally and specially damaged in an amount to be proven at trial.

59.     Wherefore, Plaintiff requests relief as described herein.

///

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

    1.     For compensatory damages according to proof;

    2.     For such general, special, compensatory, and liquidated damages as may be appropriate, including all damages alleged above;

    3.     For emotional distress;

    4.     An award of prejudgment and post-judgment interest;

    5.     An award providing for payment of costs of suit;

    6.     An award of attorneys' fees; and

    7.     Such other and further relief as this Court may deem just and proper.

Dated: June 21, 2021           OTKUPMAN LAW FIRM,
                                A Law Corporation


By: _____
          Roman Otkupman
          Attorneys for Plaintiff, Earnell Worthy

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: June 21, 2021           OTKUPMAN LAW FIRM,
                                A Law Corporation


By: _____
          Roman Otkupman
          Attorneys for Plaintiff, Earnell Worthy

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 23, 2021

Roman Otkupman
5743 Corsa Avenue
Westlake Village, California 91362

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202104-13347523
      Right to Sue: Worthy / Manpower US Inc. et al.

Dear Roman Otkupman:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 23, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202104-13347523
      Right to Sue: Worthy / Manpower US Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

April 23, 2021

Earnell Worthy

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202104-13347523
        Right to Sue: Worthy / Manpower US Inc. et al.

Dear Earnell Worthy:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 23, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Earnell Worthy                                                    DFEH No. 202104-13347523

                                         Complainant,

vs.

Manpower US Inc.
,

Kyle Unknown
,

                                         Respondents

_____

**1.** Respondent **Manpower US Inc.** is an **employer Manpower US Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Kyle Unknown** individual as Co-Respondent(s).

**3.** Complainant **Earnell Worthy**, resides in the City of , State of .

**4.** Complainant alleges that on or about **February 24, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, national origin (includes language restrictions), color.

**Complainant was discriminated against** because of complainant's race, national origin (includes language restrictions), color and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

**Additional Complaint Details:** Plaintiff began working for Defendant on or about July 7, 2020, as a Forklift Operator. While working for Defendant, Plaintiff was earning approximately $15.00 per hour. Plaintiff's primary job responsibilities included loading and

Date Filed: April 23, 2021

1  unloading materials, and moving pallet packed materials around the site. Throughout his
2  employment with Defendant, Plaintiff was a diligent worker. While working for Defendant,
   Plaintiff was subjected to a pattern and practice of harassment and discrimination by his co-
3  worker, Kyle (last name unknown) on account of Plaintiff's race/color. Plaintiff is African
   American. The harassment and discrimination started on or about February 22, 2021 and
4  continued up until Plaintiff's wrongful termination. Defendant Kyle (last name unknown)
   would harass and discriminate against Plaintiff by calling him "Nigger", "Nigger, you think
5  you're better than me?" on a regular basis. The above-identified individual would harass
   Plaintiff and create a hostile work environment on a regular basis, often using derogatory
6  and offensive language. On or about February 22, 2021, While Plaintiff was wrapping a
   pallet Defendant Kyle (last name unknown) approached him from behind and told him, "You
7  think you're better than me nigger?" Plaintiff ignored him and walked away. Defendant Kyle
   (last name unknown) found ways to invade Plaintiff's personal space and stood right in front
8  of Plaintiff while he was operating the forklift. Defendant Kyle (last name unknown) again
   told Plaintiff, "You still think you're better than me nigger?" Plaintiff complained directly to
9  Defendant Kyle (last name unknown) about his comments and asked him to stop, as it made
   him feel uncomfortable, yet Defendant Kyle (last name unknown) would not stop. Plaintiff
10 verbally complained to his supervisor, Windom (last name unknown) about Defendant Kyle's
   behavior, but nothing was done to remedy the situation and the harassment and
11 discrimination against Plaintiff continued. On or about February 23, 2021, Plaintiff was
   approached by Defendant Kyle (last name unknown) from behind and was holding a sharp
12 box cutter blade. Defendant Kyle (last name unknown) told Plaintiff, "What? You think I am
   playing? I will slice your bitch ass up." Plaintiff made it clear to Defendant Kyle (last name
13 unknown) that he just wanted to work in peace and that his inappropriate comments and
   misconduct were unwanted. Plaintiff tried to resist and discourage his misconduct. In fact,
14 Plaintiff repeatedly told Defendant Kyle things such as, "I am going to talk to the supervisor."
   In response, Defendant Kyle (last name unknown) told Plaintiff, "I am going to handle this
15 myself." Plaintiff feared what he would do. Defendant Kyle continued threatening Plaintiff
16 and began getting closer to him. On or about February 24, 2021 Defendants wrongfully
   terminated Plaintiff's employment for pretextual reasons.

17

18

19

20

21

22

23

24

25

26

27                                          -2-
                              *Complaint – DFEH No. 202104-13347523*

28  Date Filed: April 23, 2021

1  VERIFICATION

2  I, **Roman Otkupman**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.   The matters alleged are
   based on information and belief, which I believe to be true.

4
   On April 23, 2021, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                    **Westlake Village, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                    -3-
27                                      *Complaint – DFEH No. 202104-13347523*

28  Date Filed: April 23, 2021

COPY

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Roman Otkupman, Esq. Bar No. 249423<br>Otkupman Law Firm, ALC<br>5743 Corsa Ave, Suite 123<br>Westlake Village, CA 91362<br>TELEPHONE NO.: (818) 293-5623   FAX NO.: (888) 850-1310<br>ATTORNEY FOR *(Name):* Plaintiff Earnell Worthy | **FOR COURT USE ONLY**<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUN 22 2021<br><br>BY _____<br>NATHANIEL JOHNSON, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Bernardino
STREET ADDRESS: 247 W 3rd St
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
Earnell Worthy v. Manpower US, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIV SB 2118570<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*  Five (5)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 21, 2021

Roman Otkupman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**COPY**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Earnell Worthy

vs.

Manpower US Inc.

CASE NO.: CIV SB 2 1 1 8 5 7 8

## CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

**BY FAX**

The undersigned declares that the above-entitled matter is filed for proceedings in the

SAN BERNARDINO District of the Superior Court under Rule 404 of this court for the checked reason:

■ General     ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Wrongful Termination | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Defendant - Manpower US Inc. | | 2095 S. Archibald Ave, Suite 100 |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS |
| Ontario | CA | 91761 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on June 21, 2021 at Westlake Village , California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

466659l



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Worthy -v- Manpower US Inc. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2118578 |

Otkupman Law Firm
5743 Corsa AVE
STE 123
Westlake Village CA 91362

This case has been assigned to: Wilfred J Schneider, Jr. in Department S32 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 01/03/2022 at 9:00 AM in Department S32 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 7/7/2021                                         Nancy CS Eberhardt, Court Executive Officer

By: _____
Nate Johnson, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 7/7/2021

I declare under penalty of perjury that the forgoing is true and correct. Executed on 7/7/2021 at San Bernardino, CA.

By: _____
Nate Johnson, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:                    TRIAL SETTING CONFERENCE DATE: _____
ATTORNEY FOR (Name):              UNLIMITED CASE: _____
FAX NO. (Optional):               LIMITED CASE: _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1.  **Party or parties** (answer one):
    a.  ☐ This statement is submitted by party (*name*):
    b.  ☐ This statement is submitted jointly by parties (*names*):

2.  **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3.  **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4.  **Description of case** in Complaint:

5.  **Description of case** in Cross-Complaint:

6.  Has all discovery been completed:  Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7.  Do you agree to mediation?  Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8.  **Related cases, consolidation, and coordination:**  Please attach a Notice of Related Case.

    ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes ☐   No ☐   Available dates:** ___ _____
    Time estimate: _____

9.  **Other issues:**
    ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____          _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

_____          _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)